# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE
### Assigned on Briefs July 26, 2000

## STATE OF TENNESSEE v. RALPH DEWAYNE MOORE

**Direct Appeal from the Criminal Court for Roane County**
**No. 11679      E. Eugene Eblen, Judge**

---

**No. E1999-02743-CCA-R3-CD**
**October 30, 2000**

---

JOSEPH M. TIPTON, J., dissenting.

I agree that the evidence is sufficient, albeit barely, to prove reckless endangerment, given the defendant's drinking, anger, threats, and pointing a loaded shotgun at people. However, I do not believe that felony reckless endangerment is a lesser included offense of the aggravated assault that is alleged in the indictment.

In relevant part, the indictment charges that the defendant did "unlawfully and intentionally by the use of a deadly weapon, to-wit: a shotgun cause Irvin Taylor to reasonably fear imminent bodily injury." This aggravated assault charge relates to intentionally or knowingly causing another reasonably to fear imminent bodily injury while the defendant is using or displaying a deadly weapon. See Tenn. Code Ann. § § 39-13-101(a)(2), -102(a)(1)(B). It has a result-of-conduct aspect in that it focuses on the victim being placed in fear of imminent bodily injury. With the victim's fear being a key element, the offense is committed whether the defendant's gun is loaded or unloaded.

On the other hand, felony reckless endangerment is defined as engaging in conduct committed with a deadly weapon which places or may place another person in imminent danger of death or serious bodily injury. Tenn. Code Ann. § 39-13-103. It focuses – by its terms – upon the conduct that causes a risk of harm, not the harm itself. Those within the zone of danger need not even be aware that the threat exists. However, whether the gun used is loaded or unloaded could determine if the offense is committed.

Thus, one may commit the offense of aggravated assault by causing fear of bodily injury while using or displaying a weapon without committing the offense of felony reckless endangerment. Likewise, one may commit the offense of felony reckless endangerment without committing the offense of aggravated assault by causing fear. In other words, neither offense covers the range of

conduct or result of the other.  This means that neither offense is included in the other.  I would vacate the felony reckless endangerment conviction.


_____
JOSEPH M. TIPTON, JUDGE